UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                    Chapter 11

LARRY BRESNICK,
                                                                              Case No. 07-41580-CEC
                    Debtor(s).
----------------------------------------------------------x

# **OPINION**

APPEARANCES:

| | |
|---|---|
| Lawrence F. Morrison | Gary F. Herbst |
| Lawrence Morrison PC | Donna M. Fiorelli |
| 110 East 59th Street | LaMonica Herbst & Maniscalco, LLP |
| 23rd Floor | 3305 Jerusalem Avenue |
| New York, NY 10022 | Wantagh, NY 11793 |
| Attorney for Debtor | Attorneys for Chapter 11 Trustee |
| | |
| Gregory Messer | Douglas J. Pick |
| Law Offices of Gregory Messer, PLLC | Pick & Zabicki LLP |
| 26 Court Street | 369 Lexington Avenue |
| Suite 2400 | 12th Floor |
| Brooklyn, NY 11242 | New York, NY 10017 |
| Chapter 11 Trustee | Attorneys for Official Committee of Unsecured Creditors |
| | |
| Valerie Millman | |
| Office of the United States Trustee | |
| 271 Cadman Plaza East | |
| Suite 4529 | |
| Brooklyn, NY 11201 | |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the application of Lawrence Morrison P.C. ("Morrison"), counsel to the debtor in this case, for compensation for services rendered to the debtor before and after the appointment of a chapter 11 trustee.  Because § 330(a)(1) of the Bankruptcy Code does not authorize the payment of compensation to an attorney for a debtor, other than a debtor-in-possession, Lamie v. United States Trustee, 540 U.S. 526 (2004), and because no other statute provides authority for the requested compensation to be paid from the estate, the request is denied, to the extent it seeks compensation for the period after the Trustee was appointed.

## Jurisdiction and Venue

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (B), and the Eastern District of New York standing order of reference dated August 28, 1986.  This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## Facts

The relevant facts are not in dispute.  This case was commenced by the filing of a voluntary petition under chapter 11 of the Bankruptcy Code on March 30, 2007.  On May 15, 2007, this Court entered an order authorizing the retention of Morrison pursuant to § 327(a) of the Bankruptcy Code as counsel to the debtor and debtor-in-possession.  Morrison also represented the debtor in the case of In re Block 7094 Associates, LLC, Case No. 07-41576, an entity affiliated with the debtor.

On June 25, 2007, the United States Trustee's motion for the appointment of a chapter 11 trustee was granted, and on June 28, 2007, an order was entered approving the United States

Trustee's appointment of Gregory Messer as chapter 11 trustee for the debtor's estate (the "Trustee").  The Trustee retained the firm of Lamonica, Herbst and Maniscalco to represent him pursuant to § 327 of the Bankruptcy Code.  The United States Trustee also appointed a creditors' committee (the "Committee") pursuant to § 1102 of the Bankruptcy Code, and the Committee retained counsel with Court approval pursuant to § 1103 of the Bankruptcy Code.  The Trustee did not retain Morrison for any purpose, and Morrison continued to represent the debtor.

In March, 2009, the principal parties in interest in this case, including the Trustee, the Committee, the debtor, the debtor's wife, and The Cohen Group-PP, LLC, signed a stipulation resolving certain claims against the estate and providing for dismissal of the case.  Morrison signed the stipulation on behalf of the debtor and Block 7094.

Morrison now seeks compensation pursuant to § 330(a) of the Bankruptcy Code for work performed before and after the Trustee was appointed.  The United States Trustee opposes this application to the extent it seeks compensation for work performed after the Trustee was appointed.

## Discussion

Section 330(a)(1) provides as follows:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103 –
>
> > (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by

>>any paraprofessional person employed by any such person; and
>
>>(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

The Supreme Court addressed the meaning of this provision in In re Lamie, 540 U.S. 526 (2004). In that case, the petitioner, like Morrison, was retained with bankruptcy court approval pursuant to § 327 of the Bankruptcy Code "to prepare, file, and prosecute a chapter 11 bankruptcy proceeding" on behalf of ESI, a debtor-in-possession. Lamie, 540 U.S. at 531-532. Section 327, which authorizes the trustee to retain professionals, including attorneys, with court approval, also provides authority for the retention of counsel by a debtor-in-possession in a chapter 11 case, because a debtor-in-possession, pursuant to § 1107(a) of the Bankruptcy Code, has (with certain exceptions not relevant here) all of the rights, powers, functions and duties of a trustee. 11 U.S.C. §§ 327, 1107(a).

Three months after the commencement of the ESI chapter 11 case, the case was converted to chapter 7, and a chapter 7 trustee was appointed. Id. at 532. As the Supreme Court noted, "[t]his terminated ESI's status as a debtor-in-possession and so terminated petitioner's service under § 327 as an attorney for the debtor-in-possession." Id. The petitioner sought compensation from the estate for services provided after that date, including filing and amending various schedules and reports, and appearing at a hearing on an adversary proceeding. Id.

4

In considering whether the petitioner could receive compensation from the estate for legal services performed after the conversion of the case to chapter 7, the Court looked to § 330(a)(1) of the Bankruptcy Code.  Prior to its amendment in 1994, § 330(a)(1) provided that the court may award compensation to "the debtor's attorney," in addition to professional persons retained under § 327 or § 1103 of the Bankruptcy Code.  The 1994 amendment to § 330(a)(1) deleted the words "or to the debtor's attorney" from the list of persons entitled to seek compensation from the estate.  The petitioner urged the Supreme Court to find, as the Second, Third and Ninth Circuits had, that the omission of the quoted words was a drafting error, and that Congress had intended § 330(a)(1) to continue to allow compensation to be paid by the estate to a debtor's chapter 7 attorney.  Id. at 531, 533.

The Supreme Court declined to adopt the interpretation of § 330(a)(1) urged by the petitioner, holding instead that "§ 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327."  Id. at 538.  This holding precludes Morrison from obtaining compensation for work performed for the debtor after the Trustee was appointed in this case.  Although Morrison's retention as attorney for the debtor-in-possession was initially authorized pursuant to § 327, that authorization was terminated when the Trustee was appointed.  Upon the appointment of the Trustee, the debtor ceased to be a debtor-in-possession.  See § 1101(a).  At that point, the Trustee became vested with the sole right and obligation to administer property of the estate, and the debtor became obligated to turn over all property of the estate to the Trustee, pursuant to § 542 of the Bankruptcy Code.  11 U.S.C. §§ 542, 1106, 1108.

As one court explained:

> Under the Code, the debtor remains the debtor in possession unless and until a trustee is appointed by court order under Section 1104. When a trustee is appointed, the debtor is no longer a debtor "in possession"- the trustee succeeds to all the rights and properties of the debtor, which is thereby displaced from its property interests. The appointment of a trustee effects a statutory transfer or assignment of the debtor's property, including its contractual relationships, from the debtor to the trustee.

In re Footstar, Inc., 323 B.R. 566, 571 (Bankr. S.D.N.Y. 2005). Whether or not the debtor in fact turned all such assets over to the Trustee, and whether or not the Trustee chose to administer those assets, the debtor's status as a debtor-in-possession terminated when the Trustee was appointed. 11 U.S.C. § 1101; Footstar, 323 B.R. at 571.

For this reason, after the appointment of the Trustee, Morrison's authorization to act pursuant to § 327 as attorney for the debtor-in-possession also terminated, as the debtor was no longer a debtor-in-possession. Accordingly, Morrison may not obtain compensation from the estate pursuant to § 330(a)(1) for work performed after that date.

## Conclusion

For the foregoing reasons, Morrison's application for compensation for work performed after the date of the appointment of the Trustee is denied. A separate order will issue.

Dated: Brooklyn, New York
       June 23, 2009

*/s/Carla E. Craig*
CARLA E. CRAIG
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                    Chapter 11

LARRY BRESNICK,
                                                                              Case No. 07-41580-CEC
                    Debtor(s).
---------------------------------------------------------x

## MAILING CERTIFICATE

      I, Vivian Greene, hereby affirm that on June 23, 2009 a copy of a decision and order was served on the parties named below by United States Postal Service first class mail, telecommunication, facsimile or any other delivery method, as follows:

| | |
|---|---|
| Lawrence F Morrison<br>Lawrence Morrison PC<br>110 East 59th Street<br>23rd Floor<br>New York, NY 10022 | Douglas J Pick<br>Pick & Zabicki LLP<br>369 Lexington Avenue<br>12th Floor<br>New York, NY 10017 |
| Gary F. Herbst<br>Donna M. Fiorelli<br>LaMonica Herbst & Maniscalco, LLP<br>3305 Jerusalem Avenue<br>Wantagh, NY 11793 | Diana G. Adams<br>Office of the United States Trustee<br>271 Cadman Plaza East<br>Suite 4529<br>Brooklyn, NY 11201 |
| Gregory Messer<br>Law Offices of Gregory Messer, PLLC<br>26 Court Street<br>Suite 2400<br>Brooklyn, NY 11242 | |

Dated:  Brooklyn, New York
         June 23, 2009

                                                             */s/Vivian Greene*
                                                             Vivian Greene